# CASES

# SUPREME JUDICIAL COURT,

COUNTY OF LINCOLN, MAY TERM, 1841.

## Isaac Flitner *versus* John Hanley, Executor.

The commissioners of insolvency are required by St. 1821, c. 51, § 25, to pass only upon the claims of such creditors as are entitled to a *pro rata* distribution of what may remain after the payment of the preferred claims; and their report should not embrace the preferred claims.

If a preferred claim is submitted to the commissioners, without the assent of the creditor, he is not bound to give the notice required by the section before referred to, that he should prosecute his claim at common law.

It is no defence to a suit for medical services rendered in the last sickness of the testator, that the physician's claim was presented, if without his direction, allowed by the commissioner, and that he received his *pro rata* in the amount allowed — but he is entitled to the balance.

Exceptions from the District Court.

This was an action of assumpsit brought against the defendant, as executor of the will of Noah Sprague, by the plaintiff, as physician, for medical and surgical attendance upon said Sprague, during his last sickness. The defendant pleaded the general issue, and filed a brief statement, in which he alleged that the said estate was represented insolvent, and that he had fully administered the same.

The plaintiff proved that the services, to recover which this action was brought, were rendered to the testator during his last sickness, and that the defendant was duly commissioned as executor.

The defendant introduced copies from the records of the register of probate for Waldo county, of the representation of insolvency of the estate of said Sprague — the decree of insolvency and the warrant of the Judge of Probate to Abiathar Richardson and A. A. Keane, commissioners, and their report.

The warrant of insolvency directed the commissioners, among other things, to designate in their report "all claims for taxes, for debts due to the State, for debts incurred in the last sickness of the deceased, and necessary funeral expenses, from the other expenses."

Among the claims allowed by the commissioner is that of the plaintiff, for the sum of $33,41.

The plaintiff did not give notice in writing at the probate office, within twenty days after the report of the commissioners was made, as required by St. c. 51, § 25.

The defendant then introduced the original decree of distribution, on the back of which was a receipt signed by a part of those creditors of said estate, whose claims were allowed by the commissioners, and by the plaintiff — but there was evidence tending to show that the amount paid was not to be in full of the plaintiff's claim.

The plaintiff then introduced Abiathar Richardson, one of the commissioners, who testified, that the amount allowed the plaintiff was laid before the commissioners by the defendant, Hanley — that it was well known by the defendant and the comissioners that the services were rendered the testator during his last sickness — that the plaintiff did not appear at all before them — that the commissioners allowed the full amount of the plaintiff's claim without further evidence — and that they intended to designate it for services rendered during the last sickness of the testator.

REDINGTON J., who presided at the trial, instructed the jury that the estate of Sprague having been represented insolvent, if the plaintiff's account was for services rendered during the

last sickness of said Sprague, he had a right to bring his action in this form or to present his claim before the commissioners, at his election, — that if he presented his claim or caused it to be presented to the commissioners for allowance, he would be bound by their adjudication, unless he appealed from it — that the commissioners having allowed it, not as a preferred claim, he must be content with a *pro rata* distribution, if it was by his consent that the claim was laid before commissioners for allowance — that the frequent mode of getting claims allowed before commissioners was to hand them to the administrator to be by him presented — that such act on the part of the administrator was no part of his official duty — that in doing it he was merely the agent of the claimant — that for any failure in that respect the estate would not be liable. He therefore directed the jury to find from the testimony whether the claim was presented to the commissioners for allowance by the consent of the plaintiff, and that if so he could not recover in this action.

The jury returned a verdict in favor of the defendant — and in answer to interrogatories put by the Court, replied, that the plaintiff consented that his claim should go before the commissioners for allowance and that he ought to have attended and shown before them that his was a preferred claim.

The plaintiff filed exceptions to the rulings of the Court, which were allowed.

*J. S. Abbott,* for the plaintiff, contended that the defendant was bound at his peril, to retain sufficient in his hands to pay the claims preferred by Statute; — that he is bound to pay them without any adjudication by the commissioners; that the Judge of Probate, has no authority to order the commissioners to designate and set apart the preferred claims from the rest; that such an adjudication by the commissioners would be *coram non judice,* and void; and that a decree of distribution upon such an adjudication would be no protection to the executor. *Flitner* v. *Handy,* 18 Maine R. 270.

*M. H. Smith,* for the defendant. The defendant having pleaded *plene administravit,* the plaintiff was bound to prove

that he had assets. 2 Stark. Ev. 554; 1 Esp. N. P. 145, 308; *Dewit* v. *Schoonmaker,* 2 Johns. 243; *Hindsley* v. *Russell,* Ex. 12 East. 232; Buller's N. P. 141; 2 Selwyn's N. P. 715; 3 Will. Abr. 521; *Fairfax* v. *Fairfax,* 5 Cranch, 19; 1 Dane's Abr. c. 29, art. 17, § 31.

2. The defendant fully administered before the commencement of this suit — without legal notice of its existence — which is by suit alone — and the suit in this case was after he had administered. 2 Stark. Ev. 321; 1 Esp. N. P. 291; Jacob's Law Dict. Executor; 2 Bl. Com. 512.

3. All claims should be examined by the commissioners. St. 1821, c. 5, § 25; *Paine Judge* v. *Nichols,* 15 Mass. R. 267; *Johnson* v. *Ames,* 6 Pick. 333. The privileged claims should be examined by the commissioners — because they are to be paid in full — and because it often happens that the estate is insufficient to pay even those claims — in which case a *pro rata* distribution should be made. But this the executor has no right to make. It can only be done by the commissioners of insolvency.

4. The payment having been made in pursuance of a decree of the Judge of Probate — such decree is a full protection. St. 1821, c. 51, § 7. The very form of the executor's bond is that he shall pay to such persons, as the Judge of Probate shall decree, &c.

The opinion of the Court was delivered by

WESTON C. J. — Where estates are represented and decreed to be insolvent, favored claims, of which that of the plaintiff is one, are to be paid, as if the estate were solvent, if sufficient for that purpose; as was true in the case before us. It is manifest from the statute of 1821, c. 51, § 25, that the commissioners of insolvency are required to pass only upon the claims of such creditors, as are entitled to a *pro rata* distribution of what may remain, after the preferred claims shall have been paid and satisfied. That section provides, that from the aggregate of the assets, the favored claims shall first be deducted, and the residue rateably distributed among the

creditors, whose claims may have been allowed by the commissioners. It is very clearly deducible, that their report was not intended to embrace the preferred claims. If these are, by just and fair implication, excluded by law from their consideration, the warrant of the Judge could confer no such power.

The jury have found, that the plaintiff's account was not submitted to the commissioners, by his direction, privity or assent; and it was not a matter, which was legally submitted to their determination. The plaintiff then was under no obligation to give the notice, required by the section of the law, before referred to, that he should prosecute his claim at common law. There having been sufficient estate, to satisfy the preferred claims in full, the defendant has not fully administered according to law, in a manner to sustain his defence, by showing the estate exhausted by those, who were entitled only to be paid *pro rata,* after the favored claims had been satisfied. What the plaintiff has received, is to be allowed to the defendant; but as it was not payment in full, he is entitled to the balance.

*Judgment on the verdict.*